UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR WILLIAMS, JR., ) | |
| Petitioner, ) | 3:90-cv-00324-HDM-VPC |
| vs. ) | |
| ) | **ORDER** |
| SALVADOR A. GODINEZ, *et al.,* ) | |
| Respondents. ) | |

      Petitioner, a Nevada state prisoner, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 5, 1990, which this court denied on February 15, 1993 (docket #41).[1] Judgment was entered on February 18, 1993 (docket #42). The Ninth Circuit Court of Appeals affirmed the denial of the petition on August 17, 1994 (docket #70). On February 27, 2012, petitioner filed a motion for relief from order denying petition for writ of habeas corpus (ECF #73).

      Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J*

---

[1] The documents filed before electronic filing was available are identified by docket number.

*Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 60© states that a motion pursuant to that rule must be made "within a reasonable time." Fed. R. Civ. P. 60©.

Petitioner asserts that this court denied his amended petition for writ of habeas corpus based on its finding that what is known as Nevada's "Kazalyn instruction" was a correct statement of Nevada law and was constitutional (ECF #72). He argues that on March 22, 2011 this court decided in *Pinkston v. Foster* that the Kazalyn instruction is unconstitutional. 2011 U.S. Dist. Lexis 30295. Later in his motion, petitioner acknowledges that the operative case for the purposes of his claim is actually *Polk v. Sandoval*, 503 F.3d 903 (9th Cir. 2007), which held that the Kazalyn instruction violated the

2

1  federal constitutional right to due process, subject to a harmless error analysis.  *Id*. at 909.[2]
2  Accordingly, he argues that this court erred in denying grounds 1 and 2 of his amended petition.

3  This court denied the petition on February 15, 1993, and petitioner filed his motion for relief from judgment on February 27, 2012, more than nineteen years later.  As such, this motion is untimely.  Petitioner has failed to make an adequate showing under Rule 60(b) that this court's order denying his petition should be reversed.  Moreover, assuming without deciding that the *Polk* decision, which was issued in 2007, has or may have had some bearing on petitioner's claim, the Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year limitation period on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  Thus, petitioner may be barred by the limitations period from pursuing this claim.

**IT IS THEREFORE ORDERED** that petitioner's motion for relief from judgment denying petition for writ of habeas corpus (ECF #73) is **DENIED.**

Dated this 4th day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Kazalyn instruction blurred the elements of first and second-degree murder and therefore relieved the State of proving every element of first-degree murder beyond a reasonable doubt. *Polk*, 503 F.3d at 909.