# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR WILLIAMS, JR., <br><br> Petitioner, <br><br> vs. <br><br> SALVADOR GODINEZ, *et al.*, <br><br> Respondents. | Case No. 3:90-cv-00324-HDM-VPC <br><br> **ORDER** |

This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

In 1990, petitioner filed a petition for a writ of habeas corpus in this Court. (ECF No. 13). This Court denied the petition in 1993. (ECF No. 41). Petitioner appealed to the Ninth Circuit Court of Appeals. (ECF No. 44). In 1994, the Ninth Circuit affirmed this Court's denial of the petition. (ECF No. 70).

In 2012, petitioner filed a motion for relief from judgment, seeking reconsideration of this Court's 1993 order denying his petition. (ECF No. 73). By order filed April 4, 2012, this Court denied petitioner's motion for relief from judgment. (ECF No. 74).

Once again, on August 17, 2015, petitioner filed a motion for relief from judgment. (ECF No. 81). Petitioner claims that the Ninth Circuit's recent decision in *Riley v. McDaniel*, 786 F.3d 719 (2015), constitutes an intervening change in controlling law that allows this Court to reconsider

its denial of his 1990 petition. The issue in *Riley* involves a jury instruction used in Nevada murder trials. Petitioner's motion for relief from judgment is based entirely on the *Riley* decision.

Respondents have filed a motion for a stay of proceedings in this action (ECF No. 87), pending final resolution of the petition for writ of certiorari filed in *Riley v. McDaniel*, 786 F.3d 719 (9th Cir. 2015), at United States Supreme Court docket number 15-630. (ECF No. 91, at Exhibit 2). The Ninth Circuit has issued an order staying the issuance of mandate in *Riley* pending final disposition in the United States Supreme Court. (ECF No. 91, at Exhibit 3).

The power to stay proceedings "is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1937). A stay may be appropriate to avoid duplicative litigation and inconsistent results, even when the stay requires one litigant to stand aside while a litigant in another case settles the rule of law that will define the rights of both. *Id.* at 255; *see also Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.*; *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952).

In this case, petitioner seeks reconsideration of this Court's denial of his 1990 amended petition for a writ of habeas corpus. (ECF No. 81). In his most recent motion for relief from judgment, petitioner claims that the Ninth Circuit's recent decision in *Riley v. McDaniel*, 786 F.3d 719 (2015), constitutes an intervening change in controlling law that allows this Court to reconsider its denial of his 1990 petition. An opinion of the Ninth Circuit is not final, and thus is not the "law of the case" until mandate issues. *Carver v. Lehman*, 558 F.3d 869, 878 (9th Cir. 2009). Any reliance on an opinion not supported by issuance of a mandate "is a gamble." *Natural Resources Defense Council, Inc. v. County of Los Angeles*, 725 F.3d 1194, 1203 (9th Cir. 2013). The issue in *Riley* involves a jury instruction used in Nevada murder trials. Petitioner's motion for relief from judgment is based entirely on the *Riley* decision. If the United States Supreme Court grants the petition for writ of certiorari and respondents prevail in *Riley*, it could render petitioner's motion moot. If petitioner ultimately succeeds on his motion for relief from judgment, based on *Riley*, it

would require re-opening a Nevada state court murder conviction from 1985. In the interests of justice, judicial economy, and avoiding duplicative litigation, a stay is appropriate pending the outcome of the United States Supreme Court's final resolution of *Riley v. McDaniel*.

**IT IS THEREFORE ORDERED** that respondents' motion for a stay of proceedings (ECF No. 87) is **GRANTED**. The proceedings in this action are **STAYED** pending final resolution of *Riley v. McDaniel*, 786 F.3d 719 (2015); United States Supreme Court Docket No. 15-630. Within **twenty (20) days** of the United States Supreme Court's final resolution of *Riley v. McDaniel*, respondents shall inform this Court.

**IT IS FURTHER ORDERED** that petitioner's motion for relief from judgment (ECF No. 81) is **DENIED WITHOUT PREJUDICE** to renewing the motion following the final resolution of *Riley v. McDaniel*.

Dated this 25th day of February, 2016.

*/s/ Howard D. McKibben*
HOWARD D. McKIBBEN
UNITED STATES DISTRICT JUDGE