# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

OSCAR WILLIAMS, JR.,

     Petitioner,

vs.

SALVADOR GODINEZ, *et al.*,

     Respondents.

Case No. 3:90-cv-00324-HDM-VPC

**ORDER**

This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.  Several motions are pending before the Court and are resolved in this order.

**I.  Background**

On October 3, 1990, petitioner filed an amended petition for a writ of habeas corpus in this Court.  (ECF No. 13).  This Court denied the amended petition in a memorandum decision and judgment was filed February 18, 1993.  (ECF Nos. 41 & 42).  Petitioner appealed to the Ninth Circuit Court of Appeals.  (ECF No. 44).  On August 17, 1994, the Ninth Circuit affirmed this Court's denial of the amended petition.  (ECF No. 70).

On February 27, 2012, petitioner filed a motion for relief from judgment, seeking reconsideration of this Court's 1993 order denying his petition.  (ECF No. 73).  By order filed April 4, 2012, this Court denied petitioner's motion for relief from judgment.  (ECF No. 74).

1    On August 17, 2015, petitioner filed a motion for relief from judgment pursuant to Rule

2   60(b)(4), (5) and (6) of the Federal Rules of Civil Procedure.  (ECF No. 81).  Petitioner claimed that

3   the Ninth Circuit's decision in *Riley v. McDaniel*, 786 F.3d 719 (2015), constitutes an intervening

4   change in controlling law that allows this Court to reconsider its denial of his 1990 petition.  The

5   issue in *Riley* involves a jury instruction used in Nevada murder trials.  Petitioner's motion for relief

6   from judgment is based entirely on the *Riley* decision.

7    Respondents filed a motion for a stay of proceedings in this action (ECF No. 87), pending

8   final resolution of the petition for writ of certiorari filed in *Riley v. McDaniel*, 786 F.3d 719 (9th Cir.

9   2015), at United States Supreme Court docket number 15-630.  (ECF No. 91, at Exhibit 2).  On

10  February 25, 2016, this Court granted respondents' motion to stay the proceedings.  (ECF No. 92).

11  In the same order, the Court denied petitioner's motion for relief from judgment, without prejudice

12  to renewing his arguments once the stay was lifted.  (*Id.*).

13  **II.  Stay is Lifted**

14   On May 4, 2016, petitioner filed a motion to lift the stay in this action.  (ECF No. 93).  On

15  March 23, 2016, the United States Supreme Court denied the petition for a writ of certiorari *in Riley*

16  *v. McDaniel*, and the final mandate issued on April 26, 2016.  Respondents filed a notice of non-

17  opposition to petitioner's motion to lift the stay.  (ECF No. 94).  Petitioner's motion to lift the stay

18  in this action is granted.

19  **III.  Petitioner's Motion is an Improper Successive Petition**

20   On August 17, 2015, petitioner filed a motion for relief from judgment pursuant to Rule

21  60(b)(4), (5), and (6) of the Federal Rules of Civil Procedure.  (ECF No. 81).  On September 19,

22  2016, petitioner filed a "motion to grant motion for relief from judgment."  (ECF No. 95).

23  Petitioner asks this Court to "reverse its prior ruling denying Grounds 19 and 20 of petitioner's

24  amended petition for writ of habeas corpus in light of the contrary decision(s) made by the Court,

25  regarding the constitutionality of Nevada's '*Kazalyn*' jury instruction."  (ECF No. 81, at p. 3; ECF

26  No. 95).  In support of his request, petitioner relies on the Ninth Circuit's decision in *Riley v.*

27  *McDaniel*, 786 F.3d 719 (2015).  Respondents have opposed petitioner's motion for relief from

28  judgment.  (ECF Nos. 97 & 98).  Respondents later filed a motion for leave to file a supplement to

-2-

1  their opposition, along with an attached supplemental opposition.  (ECF No. 104 & 104-1).

2  Respondents' motion to file a supplemental opposition is granted.

3       "Habeas corpus petitions cannot utilize a Rule 60(b) motion to make and end-run around the

4  requirements of the AEDPA or to otherwise circumvent that statute's restrictions on second or

5  successive habeas corpus petitions." *Jones v. Ryan*, 773 F.3d 825, 833 (9th Cir. 2013).  A Rule

6  60(b)(6) motion seeking reconsideration based upon a subsequent change in substantive law "is in

7  substance a successive habeas petition and should be treated accordingly." *Gonzalez v. Crosby*, 545

8  US. 524, 531 (2005).  A proper Rule 60(b) motion "generally attack[s] the integrity of the federal

9  habeas corpus proceedings.  *Jones*, 733 F.3d at 834.  In contrast, a "disguised second or successive

10  habeas corpus petition" presents claims "constituting, in effect, new requests for relief on the

11  merits."  *Id.*; *see also Gonzalez*, 545 U.S. at 530.

12       Petitioner asks this Court to reconsider its ruling on the merits with respect to Grounds 19

13  and 20 of his amended federal petition in light of the Ninth Circuit's decision in *Riley v. McDaniel*,

14  786 F.3d 719 (9th Cir. 2015).  Petitioner claims that this Court "should reverse its prior ruling

15  denying Grounds 19 and 20 of petitioner's amended petition . . . in light of the contrary decision(s)

16  made by the Court, regarding the constitutionality of Nevada's '*Kazalyn*' jury instruction."  (ECF

17  No. 81, at p. 3).  In making these arguments, petitioner is seeking a second opportunity to present

18  the merits of his claims in Grounds 19 and 20 of his amended federal petition.  (ECF No. 81).  The

19  contents of his motion focus on the applicability of *Riley* to the claims petitioner originally

20  presented in 1990 via his amended federal petition.  (ECF No. 81; ECF No. 13, at pp. 26-27).  Such

21  claims have no bearing on the integrity of petitioner's federal habeas proceeding.  Instead,

22  petitioner's arguments go to the heart of whether the trial court erred in providing certain jury

23  instructions during petitioner's 1985 trial.

24       Petitioner does not argue that this Court's prior order rested on a mistaken premise.  Rather,

25  he states that subsequent constitutional rulings prove that "jury instruction no. 8 in petitioner's trial

26  had substantial and injurious effect or influence in determining the jury's verdict . . . during

27  petitioner's 1985 trial."  (ECF No. 81, at p. 5).  Thus, petitioner clearly seeks to "remedy

28  constitutional violations" rather than "cure procedural violations in an earlier proceeding." *Abdur'*

1   *Rahman v. Bell*, 537 U.S. 88, 96 (2002) (citations omitted).  Because petitioner presents a

2   successive habeas petition disguised as a Rule 60(b) motion, he must first comply with the

3   requirements of 28 U.S.C. § 2244(b)(3)(A).  All applicants seeking relief with a second or

4   successive petition must first "move in the appropriate court of appeals for an order authorizing the

5   district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  The court of appeals must

6   then make a determination if "the application makes a prima facie showing that the application

7   satisfies the requirements" of § 2244.  28 U.S.C. § 2244(b)(3)(C).  Petitioner has not sought review

8   from the Ninth Circuit Court of Appeals under the provisions of § 2244.  That is, petitioner has not

9   obtained permission to pursue a second or successive petition in federal court.  Petitioner's failure to

10  comply with the procedural rules of § 2244 serves as an independent basis for denying his motion

11  for relief from judgment.

12  **IV.  Petitioner Fails to Show Basis for Requested Relief**

13          *Assuming arguendo* that petitioner's motion for relief from judgment is construed as a true

14  Rule 60(b) motion rather than a successive petition, petitioner fails to show a basis for the relief he

15  seeks.  Petitioner specifically seeks relief from judgment under Rule 60(b)(4), (5), and (6).

16          Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for

17  the following reasons:

18          (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
            discovered evidence that, with reasonable diligence, could not have
19          been discovered in time to move for a new trial under Rule 59(b); (3)
            fraud (whether previously called intrinsic or extrinsic),
20          misrepresentation, or misconduct by an opposing party; (4) the
            judgment is void; (5) the judgment has been satisfied, released or
21          discharged; it is based on an earlier judgment that has been reversed
            or vacated; or applying it prospectively is no longer equitable; or (6)
22          any other reason that justifies relief.

23  Motions to reconsider are generally left to the discretion of the district court.  *Herbst v. Cook,* 260

24  F.3d 1039, 1044 (9th Cir. 2001).  A district court has discretion not to consider claims and issues that

25  were not raised until a motion for reconsideration.  *Hopkins v. Andaya*, 958 F.2d 881, 889 (9th Cir.

26  1992).  It is not an abuse of discretion to refuse to consider new arguments in a Rule 60(b) motion

27  even though "dire consequences" might result.  *Schanen v. United States Dept. of Justice*, 762 F.2d

28  805, 807-08 (9th Cir. 1985).  Moreover, motions for reconsideration are not justified on the basis of

-4-

1   new evidence which could have been discovered prior to the court's ruling. *Hagerman v. Yukon*

2   *Energy Corp.*, 839 F.3d 407, 413-14 (8th Cir. 1988); *see also E.E.O.C. v. Foothills Title*, 956 F.2d

3   277 (10th Cir. 1992). Mere disagreement with an order is an insufficient basis for reconsideration.

4   A motion for reconsideration should not be used to make new arguments or ask the Court to rethink

5   its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir.

6   1988).

7       **A. Rule 60(b)(4)**

8       Petitioner asserts that he is entitled to relief from judgment pursuant to Rule 60(b)(4). "A

9   void judgment is a legal nullity." *United States Aids Funds, Inc. v. Espinosa*, 559 U.S. 260, 270

10  (2010). A judgment is void only where there is a jurisdictional error or "a violation of due process

11  that deprives a party of notice or the opportunity to be heard." *Id.* at 271. A judgment, however, is

12  not void "simply because it is or may have been erroneous." *Id.* at 270. This Court had jurisdiction

13  over petitioner and respondents because petitioner presented a federal petition for a writ of habeas

14  corpus alleging that respondents held him in custody in violation of the United States Constitution.

15  28 U.S.C. § 2254. Petitioner does not allege that this Court deprived him of notice or an

16  opportunity to be heard. Accordingly, petitioner fails to meet his burden of proving he is entitled to

17  relief under Rule 60(b)(4).

18      **B. Rule 60(b)(5)**

19      Rule 60(b)(5) allows for relief where a court's judgment has been satisfied, released,

20  discharged, or is based upon a vacated or reversed judgment. Petitioner fails to specify why he is

21  entitled to relief under this section. This Court's judgment has not been satisfied, released, or

22  discharged. Additionally, it is not based upon a vacated or reversed judgment. *See Tomlin v.*

23  *McDaniel*, 865 F.2d 209, 211 (9th Cir. 1989) ("[T]he application of Rule 60(b)(5) is limited to a

24  judgment based on a prior judgment . . . based in the sense of *res judicata*, or collateral estoppel, or

25  somehow part of the same proceeding. The relation between the present judgment and the prior

26  judgment must thus be closer than that of a later case relying on the precedent of an earlier case.").

27  Petitioner has failed to show that he is entitled to relief under Rule 60(b)(5).

28  / / / / / / / / / / /

**C.  Rule 60(b)(6)**

The plain language of Rule 60(b)(6), the Rule's "catch-all provision," provides for relief from a final order for "any justifiable reason."  Based on public policy favoring the finality of judgments and termination of litigation, a party seeking Rule 60(b)(6) relief must demonstrate the existence of "extraordinary circumstances."  *Gonzales v. Crosby*, 545 U.S. 524, 535-36 (2005); *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010); *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (petitioner must demonstrate both an injury and circumstances beyond his control prevent him from proceeding with his claim).  Extraordinary circumstances typically exist when "an extreme and unexpected hardship" would result if the relief sought is not granted.  *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3rd Cir. 2008).  Additionally, courts ordinarily will only grant relief if the moving party is not at fault and did not cause the extraordinary circumstances to come into being.  *Id.*; *Gonzalez*, 545 U.S. at 535-36.  Rule 60(b)(6) is to be used "sparingly as an equitable remedy to prevent manifest injustice."  *Lal*, 610 F.3d at 524.

Petitioner bases his Rule 60(b) motion on the Ninth Circuit's decision in *Riley v. McDaniel*, 786 F.3d 719 (9th Cir. 2015).  Petitioner asks this Court to "reverse its prior ruling denying Grounds 19 and 20 of petitioner's amended petition for writ of habeas corpus in light of the contrary decision(s) made by the Court, regarding the constitutionality of Nevada's '*Kazalyn*' jury instruction."  (ECF No. 81, at p. 3; ECF No. 95).

**1.  *Riley* Decision is Irrelevant to Ground 20 and Portions of Ground 19**

The Ninth Circuit granted habeas relief in *Riley*, holding that use of Nevada's *Kazalyn* instruction prior to 1992 violated due process by separately defining the terms "premeditated" and "deliberate."  *Riley*, 786 F.3d at 723-27.  Specifically, the Court found a violation of *Sandstrom v. Montana*, 442 U.S. 510 (1979), because the jury instructions relieved the state of its burden of proof on an essential element of the offense by not separately defining the term deliberate.  *Id.*

In Ground 20 of the amended petition, petitioner claimed that the trial court erred in failing to give a proposed jury instruction about "mere presence."  (ECF No. 13, at p. 27).  The claim did not challenge the validity or use of the *Kazalyn* instruction.  Nor did the claim address the

relationship between "premeditated" and "deliberate" under Nevada law.  Thus, the claim in Ground 20 falls outside the legal issues analyzed by the Ninth Circuit in *Riley*.

As part of Ground 19 of the amended petition, petitioner claimed that the trial court erred in its instruction to the jury defining murder pursuant to the language in NRS 200.010.  (ECF No. 13, at p. 26).  This definition is unrelated to the definitions of "premeditated" and "deliberate."  The former is a general definition of murder while the latter definitions characterize what acts elevate a killing to murder in the first degree.  NRS 200.101; NRS 200.030.  With respect to the jury instruction given and the definition of murder under NRS 200.010, the claim falls outside the legal issues analyzed by the Ninth Circuit in *Riley*.

### 2.  Nevada Supreme Court has Superceded the *Riley* Decision

Petitioner's only remaining claim is that this Court should reverse its 1993 order finding that Jury Instruction 8, later known as the *Kazalyn* instruction, properly reflected Nevada law when provided during petitioner's 1985 trial.  (ECF No. 41, at p. 9; see also ECF 81, at p. 7).  Specifically, petitioner claims that in 2015, the Ninth Circuit in *Riley* ruled that the *Kazalyn* instruction did not properly reflect Nevada law prior to 1992.  (ECF No. 81, at p. 4; *Riley*, 786 F.3d at 723-24).

In the recently published decision of *Leavitt v. State*, 386 P.3d 620 (Nev. 2016), the Nevada Supreme Court unequivocally rejected the Ninth Circuit's analysis in *Riley*, stating "we do not agree with *Riley* and therefore it would not provide good cause to overcome any state procedural defaults."  *Id.* at 620-21 (citing *Nika v. State,* 198 P.3d 839, 851 (Nev. 2008) ("discussing the history of Nevada law on the phrase 'willful, deliberate, and premeditated,' including *Hern v. State*, 635 P.2d 278 (1981), and explaining that prior to *Byford [v. State*, 994 P.2d 700 (2000)], this court had not required separate definitions of the terms and had instead viewed them as together conveying a meaning that was sufficiently described by the definition of 'premeditation' eventually approved in *Kazalyn* and *Powell*").  Intervening decisions from the Nevada Supreme Court, such as the decision in *Leavitt*, are controlling state law authority that the Ninth Circuit and other federal courts must follow.  *See Babb v. Lozowsky*, 719 F.3d 1019, 1029-30 (9th Cir. 2013).  Thus, the judgment and analysis upon which *Riley* stands cannot be reconciled with the new published opinion from the Nevada Supreme Court in *Leavitt*.  In order to succeed on a Rule 60(b)(6) motion, petitioner must

-7-

1  show extraordinary circumstances to warrant this Court reversing an order that has been settled and

2  final for more than 23 years.  Accordingly, the *Riley* decision presents no basis, much less an

3  extraordinary basis, for this Court to revisit its prior ruling that use of the *Kazalyn* instruction in

4  petitioner's case correctly stated the law.  Petitioner has failed to meet his burden of proving that he

5  is entitled to relief under Rule 60(b)(6).  Petitioner's motion for relief from judgment is denied.

6  **V.  Petitioner's Motion for the Appointment of Counsel**

7  On September 19, 2016, petitioner filed a motion for the appointment of counsel.  (ECF No.

8  96).  Pursuant to 18 U.S.C. § 3006A(2)(B), the district court has discretion to appoint counsel when

9  it determines that the "interests of justice" require representation in a habeas corpus case.  Petitioner

10  has no constitutional right to appointed counsel in a federal habeas corpus proceeding.

11  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.

12  1993).  The decision to appoint counsel is within the Court's discretion.  *Chaney v. Lewis*, 801 F.2d

13  1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228,

14  1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  The petition in this action was sufficiently clear

15  in presenting the issues.  Petitioner demonstrated his ability to litigate the federal habeas petition to

16  completion, litigate an appeal to the Ninth Circuit, and file multiple motions for relief from

17  judgment.  Counsel is not justified in this instance.  Petitioner's motion for the appointment of

18  counsel is denied.

19  **VI.  Conclusion**

20  **IT IS THEREFORE ORDERED** that petitioner's motion to lift the stay (ECF No. 93) in

21  this action is **GRANTED.**

22  **IT IS FURTHER ORDERED** that respondents' motion to file a supplemental opposition

23  to petitioner's motion for relief from judgment (ECF No. 104) is **GRANTED.**

24  **IT IS FURTHER ORDERED** that petitioner's motion for relief from judgment (ECF No.

25  81) and "motion to grant motion for relief from judgment" (ECF No. 95) are **DENIED.  This action**

26  **shall remain closed.**

27  **IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF

28  No. 96) is **DENIED.**

1

2

3

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because no reasonable jurist would find this Court's denial of petitioner's motion for relief from judgment debatable or wrong.

4

5

    Dated this 28th day of March, 2017.

6

7

8

_____

HOWARD D. McKIBBEN

UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28